UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CLEOTIS RAYMOND JONES, JR.,** TDCJ No. 1107489, | § § § | |
| Plaintiff, | § § | CIVIL ACTION |
| v. | § § | No. SA-6-CA-846-NSN |
| Warden R. CASTRO, Captain J. GARCIA, Sergeant M. RAMIREZ, Officer R. GARCIA, and Officer N. CAMDEN, | § § § § § § | |
| Defendants. | § | |

# M E M O R A N D U M   D E C I S I O N

Before the Court is Plaintiff Cleotis Raymond Jones, Jr.'s 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 4) and Defendants' Motion for Summary Judgment (Docket Entry # 48). This Memorandum Decision is entered pursuant to 28 U.S.C. § 636(c) and the consent of the parties. (*See* Docket Entries ## 12, 23, 31.)

## I.

Plaintiff Jones is a Texas prisoner in the custody of the Texas Department of Criminal Justice (TDCJ) Institutional Division's Connally Unit. His § 1983 Complaint alleges: On March 30, 2006, Officers Juan Garcia and Neal Camden where escorting him when he "refused to come out of the infirmary." Officers Garcia and Camden threw him on the floor and repeatedly punched and kicked him. Sergeant Maria Ramirez also kicked him. Officer Camden banged his head on the ground, while Officer Garcia twisted his "private parts." He was denied medical attention for his injuries. Jones also alleges TDCJ officers retaliated against him for filing grievances and he has been discriminated against by TDCJ because he is black. He sues Officers Garcia and Camden and

Sergeant Ramirez for violation of his civil rights by assaulting him. He sues Captain J. Garcia and Sergeant Ramirez for failing to intervene and protect him. He also sues Warden Raynaldo Castro, Captain Garcia, and Sergeant Ramirez for failing to properly train and supervise the officers under their command. Plaintiff Jones seeks injunctive relief and compensatory and punitive damages.

Defendants move for summary judgment contending: Defendants are immune pursuant to the Eleventh Amendment in their official capacities, the record shows Jones suffered no actionable injury and thus has no basis for a claim, his retaliation and discrimination claims are conclusory, and Defendants are entitled to qualified immunity in their individual capacities. Jones has not responded to Defendants' summary judgment motion.

## II.

An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). On a motion to dismiss for failure to state a claim, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991).

A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c) where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials of his pleadings, but must come forward with sufficient evidence to demonstrate a "`genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary

judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When presented with a motion for summary judgment a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F. 3d 693, 696 (5th Cir. 1999) ("[a prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F. 3d 319, 324 (5th Cir. 1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F. 2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U. S. 574, 586–587 (1986) (footnote omitted), quoted in *Scott v. Harris*, 127 S.Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

- A -

Defendants contend Plaintiff's suit for damages against them in their official capacities is barred by the Eleventh Amendment. Because the States enjoy sovereign immunity from suit for money damages under the Eleventh Amendment, and because a suit against a State official in his official capacity is in effect a suit against the State the official represents, neither a state nor state officials sued in their official capacity are "persons" subject to suit under § 1983 when monetary relief is sought. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 & n.10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Therefore, Plaintiff has no claim for damages against Defendants in their official capacities.

- B -

To proceed under § 1983 the plaintiff must show the violation of his constitutional or other federal rights. *Daniels v. Williams*, 474 U.S. 327, 329-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). In *Hudson v. McMillian*, 503 U.S. 1, 7, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), the Supreme Court summarized the standard applicable for analyzing prisoner's Eighth Amendment excessive force claims as follows:

> [W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment] Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.
> . . . .
>
> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. []"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"[]. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimus uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'"

(prior citations omitted).

A prison official may be liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). For a prisoner to state a civil rights claim for the denial of medical attention, the prisoner must allege the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1978). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed.2d 662 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a physician's diagnosis or course of treatment is not a basis for a § 1983 civil rights claim, *see Norton v. Dimazana*, 122 F. 3d 286, 291 (5th Cir. 1997), and likewise "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action," *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir. 1991).

In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982). The case and controversy requirement of Article III of the Constitution requires that to establish a federal civil rights claim, the plaintiff must show an injury attributable to the defendant, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed.

2d 674 (1974), that is more than trivial or de minimus, *see Siglar v. Hightower*, 112 F. 3d 191, 193-94 (5th Cir. 1997).

The TDCJ medical records show Jones was seen by Connally Unit medical staff on March 30, the medical staff concluded he was not injured, and Jones denied he was injured. He was seen again on April 1, April 5, and April 11, and no injury was found by the medical staff. Therefore, the medical record refutes Jones' claim he suffered an injury or was denied medical care. *See Gobert v. Caldwell*, 463 F. 3d 339, 347 n.24 (5th Cir. 2006) ("'Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's [civil rights] allegations'"). Furthermore, because the record fails to show Jones suffered an actionable injury, he has no basis for a medical care or excessive force claim. Because Jones has not responded to Defendants' summary judgment motion, there is no evidence to the contrary and thus no material issue of fact for trial. *See Scott v. Harris*, 127 S.Ct. 1769, 1776 (2007); *Stults v. Conoco, Inc.,* 76 F. 3d 651, 656 (5th Cir. 1996) (for the nonmovant to meet his burden in opposing summary judgment "the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports [his] claims").

- C -

Jones alleges TDCJ officers retaliated against him for filing grievances by occasionally denying him a mattress, sheets, recreation, and showers. He also alleges TDCJ officers took his fan away from him because he is black. These claims are conclusory and not sufficient to overcome Defendants' summary judgment motion.

To establish a claim of retaliation, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a

retaliatory adverse act, and (4) causation." *McDonald v. Steward,* 132 F. 3d 225, 231 (5th Cir. 1998). Jones allegation he was denied a mattress, sheets, etc., in retaliation for previous grievances is purely speculative, and thus his retaliation claim is conclusory. *See Davalos v. Wheeler*, 202 Fed. Appx. 713, 714 (5th Cir. 2006) ("To the extent that [Plaintiff] is claiming that prison officers and medical staff conspired or retaliated against him for filing grievances, his conclusory assertions are not sufficient to establish such a claim").

To state an equal protection claim, a plaintiff must allege, inter alia, that similarly situated individuals have been treated differently and he must also allege purposeful or intentional discrimination. *See Muhammad v. Lynaugh*, 966 F. 2d 901, 903 (5th Cir. 1992). Jones alleges no facts that would support his allegation his fan was taken from him because he is black; thus this allegation is speculative and conclusory. *See Al-Ra'id v. Ingle*, 69 F. 3d 28, 32 (5th Cir. 1995) (conclusory allegations of racial malice are insufficient to maintain a claim).

These claims are vague and conclusory and Jones failed to present proof of particular facts that would support a claim, and consequently there is no material issue of fact for trial, and Defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

**- D -**

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims requires a two-step analysis: whether plaintiff has alleged a violation of a constitutional right and whether the constitutional right allegedly violated was clearly established at the time the events in question

occurred. *Nerren v. Livingston Police Dept.*, 86 F. 3d 469, 473 (5th Cir. 1996). When a public official pleads the affirmative defense of qualified immunity in his answer, it is the plaintiff's burden to overcome the defense, and the district court may require the plaintiff to reply to that defense in sufficient detail to overcome the defense or face dismissal. *Schultea v. Wood*, 47 F. 3d 1427, 1433 (5th Cir. 1995) (en banc). Because Plaintiff failed to introduce evidence sufficient to create a material issue of fact concerning the violation of his clearly established constitutional rights, he failed to overcome Defendants' qualified immunity defenses. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F. 3d 1388, 1397-99 (5th Cir. 1994).

### III.

Accordingly, Defendants' Motion for Summary Judgment (Docket Entry # 48) is **GRANTED** and Plaintiff Jones' § 1983 Civil Rights Complaint (Docket Entry # 4) is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED** as moot.

**SIGNED** on June 20, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE